## BRIGGS v. DAUGHERTY ET AL.

PARTNERSHIP.—Suit Between Partners.—Under the code, one partner cannot sue his co-partner to recover an indebtedness of the latter to the former growing out of the partnership transactions, until the affairs of the firm have been closed up, and its debts have been paid. The case made must be such as would formerly have called for the interposition of a court of equity.

From the Warren Circuit Court.

Briggs *v.* Daugherty *et al.*

*J. H. Brown* and *J. Harper*, for appellant.

*M. Milford,* for appellees.

DOWNEY, J.—The appellees sued the appellant, alleging in their complaint, that on or about the 1st day of April, 1870, the plaintiffs and the defendant entered into a partnership, for the purpose of buying and selling cattle and hogs and all other kinds of stock; that by the terms of said arrangement the plaintiffs were to furnish the necessary funds for the purchase of stock, and aid in purchasing the same; that the defendant was to pay interest at the rate of ten per cent. per annum on half the capital invested as aforesaid, and pay back to plaintiffs all funds and moneys furnished him by them, and, in case of success in said enterprise, the defendant was to have one-half of the profits, and, in case of loss, the defendant was to bear one-half and the plaintiffs the other half thereof; that under said arrangement, the plaintiffs and defendant purchased and shipped to New York and elsewhere and sold large numbers of hogs, cattle, and other stock, to the amount of sixty-five thousand dollars, from said 1st day of April, 1870, to January 1st, 1871; that the result of said partnership was a loss; that defendant is indebted to the plaintiffs, by reason of said partnership transaction, in the sum of fifteen hundred dollars, an itemized statement of which partnership transaction is filed with and made part of the complaint, and also an itemized statement of the account between the defendant and the plaintiffs for money and property furnished to the defendant by the plaintiffs, which shows the true balance due to the plaintiffs. They pray judgment for fifteen hundred dollars.

One of the errors assigned calls in question the sufficiency of the complaint. Counsel for appellant urge several objections to the complaint.

1st. It is alleged that it does not show that the plaintiffs performed all the conditions of the contract on their part.

2d. It does not appear that the plaintiffs have paid the alleged losses on account of which they seek to recover.

3d. If the action is to recover ten per cent. interest on one-

half of the capital invested, that no written agreement is set forth by which the defendant agreed to pay the same.

A more general objection to the complaint occurs to us, which probably embraces all those urged by counsel. It is clear that at law, under the former practice, the action would not lie, as one or more of the partners could not sue the other or others, at law, on account of the unliquidated accounts of the partnership, except, perhaps, in the action of account, which was never in use in this State. *Wilt* v. *Bird*, 7 Blackf. 258.

It is also clear, that in equity there would have been no remedy upon the facts disclosed in the complaint. Courts of equity would only under special circumstances entertain a suit to settle the accounts of a subsisting and undissolved partnership. Mr. STORY says, the courts of equity " are not inclined to decree an account, unless under special circumstances, if there is not an actual or contemplated dissolution, so that all the affairs of the partnership may be wound up." 1 Story Eq. Jur., sec. 671.

It does not appear that a dissolution of the partnership has taken place in this case, or that it is contemplated.

In *Page* v. *Thompson*, 33 Ind. 137, where one partner had sued another to recover his share—one-third—of the amount which the defendant owed the firm, where the partnership business had ceased, but the affairs of the partnership were yet unsettled, FRAZER, J., after referring to some of the cases in this court, since the adoption of the code, said : " These cases go simply to the point that the former rule, that one partner could not sue his co-partner at law, to recover his share of the partnership property or assets, until the partnership had been adjusted, could have no application under the code ; and for the plain reason that by the code we have but one form of action, which embraces all that was formerly comprehended both by actions at law and suits in equity. In equity a partner could sue his co-partner and obtain an adjustment of the partnership affairs, and thus recover his whole interest therein.

He can do the same thing under the code, but the action does. not thereby become an action at law; nor can the suit be maintained unless the case made by the pleadings and proofs is such as would formerly have called for the interposition of a court of equity. It is, as formerly, an appeal to the power of a court of chancery, and the case will fail if it be not such as gives a right to invoke that power.

" It is a misapprehension that the cases cited are to the effect that under the code a suit may be maintained which must formerly have failed, both at law and in equity. We never meant to say so. This suit was to recover a debt due from one partner to the firm. It was partnership assets, and as such must be primarily applied to the payment of the partnership debts. The plaintiff had no right either at law or in equity to put any. part of it in his private pocket, until the creditors of the firm were satisfied. It cannot be useful to cite authorities in support of so plain a proposition." *Hendry* v. *Hendry*, 32 Ind. 349, is in accord with the foregoing authorities; and see *Irish* v. *Snelson*, 16 Ind. 365, and *Smith* v. *Hazelton*, 34 Ind. 481.

It does not appear in the case under consideration that the debts of the partnership are paid, and that the amount alleged to be due from the defendant may not be necessary to discharge them. Until the affairs of the firm are closed up and its debts. paid, the individual members of the partnership have no right to a share of the assets.

There are other questions presented, but as the judgment must be reversed for the reason stated, we need not examine them.

The judgment is reversed, with costs, and the cause remanded.