No. 9752.

## MEREDITH *v.* EWING.

PARTNERSHIP.—*Suits between Partners.*—A partner can not maintain a suit against his co-partner for a share of the profits, nor upon a claim arising from the partnership business, until there has been an accounting and final settlement.

SAME.—*Accounting.*—A partner may compel an accounting, and may recover the sum found due him upon final adjustment of the partnership affairs.

SAME.—*Contract of Dissolution.*—A partner may compel compliance with a contract of dissolution and recover a sum due him under its provisions.

SAME.—*Pleading.*—M. and E., having been partners, made a contract of dissolution, by the terms of which M. took the personal property of the firm, at a fixed price, and assumed its liabilities, it being agreed that, if the latter exceeded the price of the property, E. should pay half of the excess, and, if less, M. should pay E. half of the difference. The debts were in excess of the price of the property. A complaint by M. against E. to compel the latter to pay half of such excess, which does not allege that M. has paid the whole, is bad on demurrer.

From the Decatur Circuit Court.

*J. S. Scobey* and *D. Watts,* for appellant.

*W. A. Moore* and *B. F. Bennett,* for appellee.

ELLIOTT, J.—It is settled that one partner can not maintain an action against his co-partner for a share of the profits, upon a claim growing out of the partnership business, until there has been a final accounting and settlement. *Page* v. *Thompson,* 33 Ind. 137; *Skillen* v. *Jones,* 44 Ind. 136.

One partner may, however, maintain an action to compel an accounting, and to recover such sum as may be found due him upon the final adjustment of the partnership affairs. *Briggs* v. *Daugherty,* 48 Ind. 247.

A partner may compel the performance of an agreement of dissolution, and may recover a balance due him under the provisions of such contract. *Snyder* v. *Baber,* 74 Ind. 47.

We do not agree with the appellee that the complaint is to be construed as simply seeking to recover a balance due upon an unsettled partnership account, and is to be summarily disposed of under the first proposition stated. We regard it as proceeding upon the theory that there has been a settlement, and the question, therefore, is whether it states facts sufficient to entitle the appellant to maintain such a suit.

The complaint alleges that the terms of the partnership were expressed in a written contract, which is set out; that

it was continued for about eighteen months, when it was dissolved by mutual agreement, expressed in the following writing: "The partnership of Meredith and Ewing, in the keeping of the Seitz House, is this day dissolved by mutual consent, and the said Ewing retires therefrom, and Meredith continues the business. The personal property of the firm is invoiced at the sum of $1,642.00. The interest of Ewing in said property hereby passes to the said Meredith, he, Meredith, assumes the debts and liabilities of the firm, and should these exceed the said invoice, said Ewing is to pay one-half of the excess; but should there be less than $1,642.72, then said Meredith shall pay to Ewing one-half of the surplus of said sum left after paying such debts and liabilities. The uncollected claims due said partnership shall remain the joint and equal fund of both, to be by each accounted for as collected, less the necessary expense of collection. Should any liability exist or recovery be had against said parties, or either of them, growing out of the settlement of the firm business, such liabilities shall be paid by the partners equally, with the costs and expenses attending the same." It is also alleged that the appellee failed to comply with the terms of the contract of partnership; that since the dissolution the appellant has paid on the partnership liabilities a sum more than equal to the invoice, and that there remains yet unpaid, of said indebtedness, the sum of $2,500, which is justly due from the appellee to the creditors of the firm.

We do not think that the appellant has any right to go behind the contract of dissolution, for there is no charge of fraud or mistake. Where partnership affairs are adjusted and settled by mutual agreement, the settlement will stand unless fraud or mistake is alleged and proved. Lindley Partnership, *967, and auth. in *n*. The complaint can not, therefore, be sustained upon the ground that it makes a case for a final accounting. If there is any case made it must be upon the agreement of dissolution.

Meredith *v.* Ewing.

The agreement of dissolution terminated the partnership, and provided the measure for adjusting the rights of the partners. No action can be maintained on this agreement, unless it is shown that there has been a breach by the appellee and performance by the appellant. Like all other cases upon contracts, two essential things must be shown in order to entitle the plaintiff to his action : performance by him and a breach by his adversary.

The agreement provides that the appellant shall assume and pay the liabilities of the partnership; that, in case they exceed the value of the property taken by him under the contract, then the appellee shall pay one-half of the excess; and it is claimed that this stipulation creates a cause of action in appellant's favor without payment by him of the liabilities assumed. In our opinion this position can not be maintained. The appellant expressly agreed to pay all partnership liabilities, and, in consideration of this promise, succeeded to the business of the firm, and obtained his partner's interest in the property. He is not in a situation to sue his partner, because he himself has not performed his contract. Having bound himself to pay all partnership debts, he must perform his agreement before he can maintain an action upon the contract against his former partner. The appellee is bound to the creditors of the partnership, and the appellant certainly can not claim that he is also his debtor; to permit this would be to hold that one and the same liability gave to different parties, claiming under distinct and different rights, a right of action against the same person. But it is needless to pursue the discussion ; the language of the contract is plain. Meredith bound himself to pay all debts and to look to the appellee for reimbursement in case they exceeded the amount of the invoice, and, until he has done that which he agreed to do, he can not maintain an action.

No breach of the contract of dissolution is shown. The appellee did not bind himself to pay any partnership debts.

On the contrary, it was the appellant himself that assumed this burden. As the former made no promise to pay these debts, the allegation that he did not pay them shows no breach.

Judgment affirmed.