Filed May 29, 1884.

------

No. 10,384.

## LANG v. OPPENHEIM.

PARTNERSHIP.—*Suit against Copartner.*—*Complaint.*—Even after dissolution, a suit by a partner against his copartner, to recover for an amount unadjusted due out of copartnership assets, will not lie until debts due it have been collected and those against it have been paid, unless there are none, or some disposition has been made of them, and a complaint not showing these facts is bad on demurrer.

SUPREME COURT.—*Record.*—*Verdict.*—*Good and Bad Paragraphs.*—Where there is a general verdict for the plaintiff, the complaint being in several paragraphs, one of which was good, and as to the others demurrers

were erroneously overruled, the judgment will be reversed unless it can be seen from the record that the verdict was solely upon the good paragraph.

From the Cass Circuit Court.

*D. Turpie, M. Winfield* and *Q. A. Myers,* for appellant.
*S. T. McConnell* and *T. J. Tuley,* for appellee.

BEST, C.—The parties to this action had been partners, and after the dissolution of the firm the appellee brought this suit to recover a balance alleged to be due him from the partnership affairs.

A demurrer was overruled to the first, second and third paragraphs of the complaint; issues were formed, a trial had and a judgment rendered for $2,918.24. A motion to strike out the judgment and allow the finding to remain as a balance due until a final accounting was overruled and a receiver was appointed to close the affairs of the firm.

These rulings are assigned as error.

The third paragraph of the complaint avers " that the plaintiff and defendant were partners in business until May 1st, 1878; that during the existence of the partnership the defendant drew out of the concern the following amounts which he has never accounted for, and for which the plaintiff is entitled to recover off of the defendant, viz.: 1878, March. To lot of clothing taken from the firm to buy the Twelfth street property of O. R. Shroyer, $2,500. August, 1876. The value of two houses and lots in Dykeman's third addition to Logansport, conveyed by plaintiff to defendant, $2,500. August, 1876. To the home property of defendant, conveyed to him by the plaintiff, the consideration of which was put in at $2,500, making the total amount of real estate taken by the defendant out of the firm for his own use, and not in any way settled or accounted for to the plaintiff, the sum of $7,500, for which the plaintiff asks judgment against the defendant; that said sum is due and remains unpaid," etc.

This paragraph is clearly insufficient. It fails to aver, either that the claims of the firm have been collected and its debts paid, or that none exist. It fails to aver that the claims, if any, are worthless, or that some disposition has been made of them. In the absence of all these averments, the paragraph was insufficient, as has often been decided by this court. *Page* v. *Thompson,* 33 Ind. 137 ; *Cobble* v. *Tomlinson,* 50 Ind. 550 ; *Crossley* v. *Taylor,* 83 Ind. 337 ; *Meredith* v. *Ewing,* 85 Ind. 410.

The first paragraph of the complaint also omits to aver that the claims of the firm have been collected or otherwise adjusted, and that its debts have been paid, or that none exist, and for the want of these averments this paragraph was also insufficient.

The second paragraph of the complaint was unlike the others. It averred the existence of such partnership from the 1st day of March, 1867, until the 1st day of May, 1878 ; that during said time said firm accumulated $10,000 worth of real estate, and that the stock of goods and outstanding claims at the time of dissolution amounted to $25,000 ; that " in the dissolution they agreed to and did. select Solomon Fisher to adjust all matters of a personal character, and settle all their matters except the real estate ; that said Fisher accepted such trust and took charge of the books and accounts, examined the same, and, leaving out the real estate, there was found due the plaintiff from the defendant the sum of $5,000, which the defendant agreed to pay the plaintiff ; that the defendant took the real estate owned by the firm, valued at $5,000, none of which he has accounted for to the plaintiff, and that there is due the plaintiff by reason thereof the sum of $10,000, for which he demands judgment."

The averment in this paragraph, that the defendant took real estate of the firm, valued at $5,000, adds nothing to it, as it does not appear that the affairs of the firm had been finally adjusted. If the claims were uncollected and the debts unpaid, the plaintiff could not recover a judgment for the real

estate taken. This is too plain for discussion, as the plaintiff may reimburse himself from uncollected claims, and the defendant may be compelled to pay the value of the real estate upon the firm debts. Indeed, its value may not equal his share after final settlement, and, therefore, under these circumstances, the plaintiff could not maintain an action for such real estate. Nor does the promise of the defendant render the paragraph sufficient. It is not averred that it was made for a balance due upon a final adjustment. The averment is that Fisher, in the dissolution, " took charge of the books and accounts, examined the same, and, leaving out the real estate, there was found due the plaintiff from the defendant the sum of $5,000, which the defendant agreed to pay," etc. This is not an averment that Fisher collected the claims, paid the debts, and found, upon final adjustment, that there was due the plaintiff $5,000. If, upon an examination of the books and papers, without a final adjustment, $5,000 was found due the plaintiff, the defendant's promise to pay it was necessarily dependent upon the final adjustment of the partnership affairs, as, if upon such adjustment nothing should be due him, he could not recover notwithstanding such promise. If nothing should be due the plaintiff, no consideration would support his promise, and, therefore, the paragraph should have averred that the amount found due was upon final adjustment. For the want of these averments the paragraph was insufficient.

The fourth and remaining paragraph of the complaint is not assailed, and, of course, is deemed sufficient. This fact, however, can not prevent a reversal of the judgment, as the finding is general and does not appear to be based solely upon such paragraph of the complaint. In such case, an error committed in overruling a demurrer to a defective paragraph of the complaint will reverse the judgment. This is the settled practice of this court. *Evansville, etc., Co.* v. *Wildman,* 63 Ind. 375 ; *Pennsylvania Co.* v. *Holderman,* 69 Ind. 18.

The appellee contends that these paragraphs are sufficient to require an accounting, and, if good for any purpose, no er-

ror was committed in overruling the demurrer to them. This version will not save the judgment. If only sufficient for such purpose, he was not entitled to the judgment recovered, and the appellant's motion to strike it out should have been sustained. These paragraphs, however, were evidently not framed, nor was the action prosecuted, upon any such theory. The purpose was to obtain a judgment and not an accounting. The fact that a receiver was appointed does not change the character of the action. It was somewhat singular to appoint a receiver to close the affairs of the firm, and at the same time render a judgment in favor of one partner against the other, but neither of these things can change the real character of the proceeding, or render unnecessary essential averments in the pleadings.

The demurrer to each of these paragraphs of the complaint should have been sustained, and for the error in overruling it the judgment should be reversed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things reversed, at the appellee's costs, with instructions to sustain the demurrers to the first and third paragraphs of the complaint, with leave to amend.

HAMMOND, J., did not participate in the decision of this cause.

