Powell *v.* Bennett.

---

No. 15,575.

POWELL *v.* BENNETT.

PARTNERSHIP.—*New Trial.*—In an action to compel an accounting and settlement of a partnership, it is as necessary to prove on trial that the partnership debts were paid as it is to allege it in the complaint, and until the creditors are all paid, no member of the firm can recover for his own use any part of the partnership assets, and a failure to prove such fact is a ground for a new trial.

SAME.—*Evidence.*—Under the complaint it was competent for the appellee to prove that the claims in favor of the firm had been collected, and that the partnership debts had been paid.

JUDGMENT.—*Motion in Arrest.*—Motions in arrest of judgment, for defects in a complaint, reach such defects only as are not cured by the finding of the court or the verdict of the jury.

From the Boone Circuit Court.

*T. J. Cason* and *T. W. Lockhart,* for appellant.

*C. M. Zion,* for appellee.

COFFEY, J.—This was an action by the appellee against the appellant, in the Boone Circuit Court, to compel an accounting and settlement of a partnership. The complaint alleges, among other things, that the appellant and the appellee, on the 28th day of January, 1888, entered into partnership for the purpose of carrying on a wholesale and retail liquor and tobacco business in the city of Lebanon; that they contributed equally to the capital to carry on said business; that by the terms of their partnership agreement each was to receive one-half the profits, and was to bear the losses equally; that the partnership was dissolved by mutual consent on the 1st day of December, 1888; that by the terms of the dissolution the appellant took the stock on hand at its appraised value, to wit, $315, and agreed to collect the debts due said firm, and on final settlement pay the appellee his full share of the firm assets; that after the dissolution the appellant proceeded to take possession, and now holds all of the assets of the firm, and has collected all the claims due to the firm but has wholly failed, refused and neglected to pay any part of the same to the appellee; that the profits of their business amounted to more than $2,000 over and above all debts, expenses and liabilities, and that there are debts due the firm, upon the books, or were at the time of the dissolution, amounting to $500, which went into the hands of the appellant; that all debts due from the firm have been paid, and that there are in the hands of the appellant assets of the firm of the value of $2,000; that the appellee has frequently demanded an accounting and statement of the assets of the firm and payment of the amount found due him, but the appellant has wholly failed and refused to make such accounting or to pay the appellee any portion of the amount due him.

Prayer for accounting and for judgment for the amount due.

Issues were formed on this complaint, and the answers thereto which were tried by the court, resulting in a finding and judgment for the appellee for the sum of three hundred and fifty dollars.

The appellant contends, in this court, that the circuit court erred in overruling his motion in arrest of judgment, and in overruling his motion for a new trial.

We are of the opinion that the court did not err in overruling the motion of the appellant in arrest of judgment. Motions in arrest of judgment, for defects in a complaint, reach such defects only as are not cured by the finding of the court or the verdict of the jury. *McCormick* v. *Mitchell,* 57 Ind. 248; *Beck* v. *Tolen,* 62 Ind. 469; *Sims* v. *Dame,* 113 Ind. 127; *Lange* v. *Dammier,* 119 Ind. 567.

Under this complaint it was competent for the appellee to prove that the claims in favor of the firm had been collected, and that the partnership debts had been paid.

We are of the opinion, however, that the court erred in overruling the motion of the appellant for a new trial. It is conceded by the briefs before us that the partnership debts are not paid.

It was as necessary to prove, on the trial, that the partnership debts were paid as it was to allege it in the complaint. *Page* v. *Thompson,* 33 Ind. 137; *Briggs* v. *Dougherty,* 48 Ind. 247; *Lang* v. *Oppenheim,* 96 Ind. 47.

In the case of *Page* v. *Thompson, supra,* which was an action by one partner, after the partnership business had ceased, to recover his part of a debt due the firm, this court said: "The plaintiff had no right, either at law or in equity, to put any part of it in his private pocket, until the creditors of the firm were satisfied. It can not be useful to cite authorities in support of so plain a proposition."

It is unnecessary for us to decide what is the proper decree in an action for an accounting where there are out-

standing debts due from the firm, as that question is not properly presented by the pleadings and record before us in this case.

What we do decide is that until the creditors are paid no member of the firm can recover, for his own use, any part of the partnership assets. The form of the action can not change the rule.

Judgment reversed, with directions to grant a new trial

Filed March 8, 1892; petition for a rehearing overruled April 30, 1892.