Filed Dec. 12, 1893.

———◆———

No. 16,214.

## MILLER ET AL. *v.* RAPP.

HARMLESS ERROR.—*Ruling on Paragraph of Answer.*—Where a ruling on a paragraph of answer is erroneous, it will amount only to harmless error, where it clearly appears that the finding and judgment of the court were on another paragraph of answer. or cross-complaint.

PLEADING.—*Complaint, When Good as Against a Joint Demurrer.*—If a complaint or cross-complaint is good against any of the defendants, it is good against a joint demurrer from all the defendants.

SAME.—*Complaint.*—*Prayer.*—*Character of Pleading.*—The fact that a complaint or cross-complaint for an accounting of partnership affairs concludes with a demand for a certain sum of money, does not change the complaint, from a demand for an accounting, into a mere demand for money due.

BILL OF EXCEPTIONS.— *Stenographer's Longhand Manuscript.*— *When Sufficiently Authenticated.*— *When not Part of Record.*—Where a stenographer's certificate to what purported to be a longhand manuscript of the shorthand report of the evidence was that the "foregoing is a correct, true, and complete longhand manuscript of the shorthand report, * * including all the oral and documentary testimony introduced in the trial of said cause," not showing it to be a verbatim report, and there being no certificate from the clerk nor from the court, showing either the filing of the transcript in the clerk's office, or its incorporation into the bill of exceptions, and

containing no file mark, the manuscript is not sufficiently authenticated, and forms no part of the record.

PARTNERSHIP.—*Who are Partners.*—*Liability as.*—Where parties, by their acts, have made themselves partners of a firm, having participated in the business and profits of the firm, such persons are proper parties in an action for an accounting, and liable as partners.

Opinion on petition for rehearing by HOWARD, J.

From the Wells Circuit Court.

*G. A. Yopst, E. R. Wilson* and *J. J. Todd,* for appellants.

*A. N. Martin* and *E. C. Vaughn,* for appellee.

HOWARD, J.—Appellants' complaint states that appellants and appellee, in March, 1883, formed a partnership for carrying on a butcher business in the town of Montpelier, in Blackford county; that said business was to be carried on under the firm name of A. Rapp & Co.; that appellee was to take charge of the shop and attend to the business of buying stock, butchering and selling, and to furnish his experience, while appellants were to furnish the money needed to manage the shop, both parties to share equally in the profits or losses; that the money received by appellee in conducting the business was to be deposited in the firm name, out of which each party was to draw one-half; that the appellee has had sole control of the partnership property and business, and that he has refused to account to appellants for their share of the proceeds, but has appropriated the same to his own use, although requested by appellants to account to them. Praying for a dissolution of the partnership, and that appellee be compelled to account, and that a receiver be appointed to take charge of the business and close out the same, dividing the proceeds equally between appellants and appellee.

Appellee answered this complaint by a general denial, and also by a plea of payment; and, in addition, filed his cross-complaint, in which he averred the formation

of the partnership substantially as stated in the complaint, except that he alleged that he was to have three-fifths and the appellants two-fifths of the profits, sharing the losses in like proportion.

The cross-complaint further states that the money deposited in the name of the firm was to be drawn out as needed, on checks of the appellee, and not otherwise; that appellee was compelled to furnish delivery wagon, teams and hired help, and board for said help, which horses, wagons, help and boarding of help were done and procured at the instance and request of said firm, for which appellee has never received any pay; that appellants never furnished any money or capital to carry on said business, or rendered any services of any kind; that the firm was compelled to borrow money to carry on the business, and to buy, on credit, the machinery, tools, buildings and apparatus necessary for the same, all of which, by the terms of the partnership, should have been furnished by appellants; that the appellants have drawn from said partnership $1,114.04; that the partnership has been interrupted and destroyed by the acts and conduct of appellants in refusing to perform their part of the agreement, and in commencing this suit to dissolve the partnership and place the business in the hands of a receiver; that there has been no accounting between or among the members of said partnership; that a strife has arisen amongst them, whereby a settlement and accounting is made impossible; that the property and assets of said concern are now in the hands of a receiver. Praying that, in order that said partnership may be dissolved and that the members may be protected according to their several interests, an accounting be had, and a full and complete examination of the books, accounts, claims and demands, as well as the liabilities and obligations, be taken, together with a

complete inventory of the property and effects of the firm; and that, on such accounting, whatever amounts shall be found due each party, shall be awarded them. Demanding judgment, also, against appellants.

Appellants demurred jointly to this cross-complaint, which demurrer was overruled by the court. The court also overruled a demurrer to the second paragraph of the answer. To each of which rulings the appellants excepted.

The cause was submitted to the court for trial, and, on motion of appellants, the court made a special finding of facts and conclusions of law, finding for the appellee on his cross-complaint, a balance due, $1,808.31, for which judgment was rendered against appellants.

Various errors are assigned by appellants. We shall consider those discussed by them in their brief.

The second paragraph of the answer to the complaint was a plea of payment. It was correct in form and not subject to demurrer. Appellants contend that it was not responsive to any allegation of the complaint. If this were true it might have been stricken out on motion. Even if the ruling were incorrect it has done the appellants no harm; the finding and judgment of the court were on the cross-complaint.

Appellants also contend that the court erred in overruling their joint demurrer to the cross-complaint. They insist, first, that the cross-complaint is insufficient as against the appellants, Spaulding and Spaulding, who, with the appellant Miller, formed another partnership, inasmuch as it is not stated that the Spauldings assented to the formation of the partnership with appellee. If this were true the Spauldings should have demurred separately to the cross-complaint. If a complaint or a cross-complaint is good against any of the defendants it is good against a joint demurrer from all of the defend-

ants. Thornton & Ballard, Ann. Prac., section 339, note 1; *Shore* v. *Taylor*, 46 Ind. 345; *Wilkerson* v. *Rust*, 57 Ind. 172; *Campbell* v. *Martin*, 87 Ind. 577; *Carver* v. *Carver*, 97 Ind. 497; *Holzman* v. *Hibben*, 100 Ind. 338.

It is further insisted that the cross-complaint is bad, for the reason that it seeks to recover a sum certain, a balance due against the other partners, and does not allege that the debts of the firm are paid and the amounts due the firm collected.

We are of opinion that in this contention the appellants are wholly in error as to the nature of the cross-complaint. It is not a demand for an amount due. It is, like the complaint itself, a demand for accounting and for the payment to each party of whatever balance should be found due.

"One partner may * * maintain an action to compel an accounting, and to recover such sum as may be found due him upon the final adjustment of the partnership affairs." *Meredith* v. *Ewing*, 85 Ind. 410.

This is not such a case as that of *Lang* v. *Oppenheim*, 96 Ind. 47. That was a suit brought by one partner to recover from another for an amount unadjusted due out of copartnership assets. The suit in that case could not lie, since the amount claimed might be needed to pay creditors, whose rights are superior to the rights of partners.

In the case at bar there is, on the contrary, a simple demand for an accounting, and for the payment of whatever may be found due to each partner. The circumstance that the cross-complaint concludes with a demand for five thousand dollars does not, of itself, change a complaint for an accounting into a mere demand for money due. We think the cross-complaint stated a good cause of action for an accounting between the partners, and for the payment to each of whatever sum should be

found due him.  *Dehority* v. *Nelson,* 56 Ind. 414;  *Kimble* v. *Seal,* 92 Ind. 276;  17 Am. and Eng. Encyc. of Law, p. 1310.

Neither is the cross-complaint bad  for the reason that it seeks to recover for special services rendered the firm, without alleging a special agreement to pay for such services.  The appellee makes no claim for his own services.   He claims for expenses necessarily incurred in the conduct of the partnership business, and which were to be paid by appellants, whose agreement was to furnish the money needed for that purpose.

The remaining alleged errors discussed by appellants relate to the findings and the evidence.  It is very doubtful whether the evidence is in the record.   There seems to have been an attempt to bring the evidence into the record under the provisions of section 1410, R. S. 1881.

There is, however, no certificate showing that a *verbatim* report was taken by an official reporter, or that the original longhand manuscript of the evidence was ever filed with the clerk, or that the same was incorporated into the bill of exceptions.

We might, perhaps, take what appears to be the original longhand manuscript for a transcript of the evidence; but there is entered, after the recital of the alleged evidence, what purports to be a certificate of an official reporter, stating that the "foregoing is a correct, true, and complete longhand manuscript of the shorthand report above mentioned, including all the oral and documentary testimony introduced in the trial of said cause."

There is no certificate from the clerk nor from the court showing either the filing of this manuscript in the clerk's office, or its incorporation into the bill of exceptions; neither is there any file mark upon the manuscript to show that it was ever before the court or in the clerk's office.  It is quite unauthenticated.  And as it

contains, on its face, in the form of the reporter's certificate, internal evidence that it is not a transcript by the clerk of the evidence taken on the trial, it would seem that it is a document having no proper place in the transcript.

In *Wagoner* v. *Wilson*, 108 Ind. 210, a plain statement was made of what is necessary in order to bring the evidence into the record under the provisions of section 1410. There is here a total failure to proceed as there directed.

We have, however, carefully considered the claims of error made by appellants, as to the ruling of the court on motions to modify findings, and other matters embraced in the motion for a new trial, and are satisfied that the rulings of the court were correct under the evidence as purported to be set out in the transcript. All the findings are amply supported by that evidence; and the motion of appellants to modify certain findings was decided favorably to appellants.

We think the case was fairly tried upon its merits and a painstaking and just decision arrived at by the court.

The judgment is affirmed.

DAILEY, J., took no part in the decision of this case.
Filed Oct. 11, 1893.

## ON PETITION FOR A REHEARING.

HOWARD, J.—Counsel for appellants, in their petition for a rehearing of this case, insist that there should have been no judgment against the appellants Spaulding, since the appellant Miller, in entering into the partnership of A. Rapp & Co., had no authority to make the Spauldings members of that firm, and the Spauldings were not in fact members of that firm.

This was an equitable proceeding to close up the partnership business of A. Rapp & Co. All the parties were

before the court to do and to receive equity. The Spauldings united with Miller in instituting the suit to dissolve the partnership, and appoint a receiver; and they appear as parties in every pleading in the case. The court also found that the firm of A. Rapp & Co. had paid of the obligations of the firm of Spaulding, Miller & Co. the sum of $850; and that, in addition, the Spauldings and Miller drew out of the partnership funds of A. Rapp & Co., as dividends, the sum of $1,000.

We think it very clear that the Spauldings, by their own acts, made themselves partners of the firm of A. Rapp & Co., and that they fully participated in the business and profits of said partnership.

The petition for a rehearing is overruled.

