Filed Nov. 15, 1894.

———————◆———————

No. 16,792.

## Adams v. Shewalter.

Action.—*Form of.—Remedy.—Code.—Equity.*—Under the code we have but one form of action, which embraces all that was formerly comprehended by actions at law and suits in equity, and there is a remedy if the case is such as would formerly have called for the interposition of a court of equity.

Same. —*Partnership.—Equitable Relief.*—In courts of chancery a partner could sue his copartner and obtain an adjustment of the partnership affairs, and thus recover his whole interest therein.

Same.—*Complaint.—Partnership.—Dissolution and Accounting.*—That the complaint is sufficient for a dissolution and accounting of a partnership, see opinion.

Partnership.—*Legal Rights.—Contractual Rights.—Relief.*—A partner who is being defrauded has access to the courts for relief, notwithstanding contractual stipulations.

From the Randolph Circuit Court.

*J. W. Headington, J. F. La Follette* and *D. T. Taylor,* for appellant.

*J. J. M. La Follette, O. H. Adair, A. O. Marsh* and *J. W. Thompson,* for appellee.

DAILEY, J.—This appeal was taken from a judgment rendered by the Randolph Circuit Court in a case originally begun by the appellee against the appellant in the Jay Circuit Court, asking for a dissolution of copartnership and an accounting.

The complaint was in one paragraph, with a copy of the agreement of copartnership filed as an exhibit.

There was a prayer for the appointment of a receiver, and, later on, an additional application for a receiver was filed.

The defendant demurred to the complaint, and the demurrer was overruled, to which he excepted.

Issues were then formed, and the cause was submitted to the court for trial on the 2d day of February, 1891, and, on the following 11th day of December, it made its finding for the plaintiff, and rendered a judgment against the defendant for $9,116.56.

The first specification of error challenges the sufficiency of the complaint, upon the grounds that the complaint does not show a compliance by the plaintiff with all the conditions of the contract on his part; that there is no averment in the complaint that the appellee had served upon the appellant a written notice thirty days before the last six months of their copartnership, of his intention to withdraw from the partnership, as provided in the contract; that there is no averment in the complaint as to whether the business of the firm was carried on at a profit or a loss, nor as to the amount of money invested in the partnership business by the appellee, and that there is no allegation that the partnership debts were paid.

It appears, from the complaint, that the appellant and appellee entered into a written copartnership on the 14th of August, 1888, for the purpose of buying timber and manufacturing and selling staves and heading at Port-

land, Indiana; that by virtue of said contract they engaged in business together, and continued therein since said time until the filing of the complaint, during which they manufactured and sold a large amount of material; that by the terms of the contract the plaintiff was to, and did, furnish all the money necessary to carry on said business, was to pay all bills and all debts owing by said partnership, and to be repaid for all sums so paid out, from the receipts of the concern; that said Adams was to have the one-half part of the profits of the business, to be paid him on settlements at such times and on such demand as was provided for in the contract; that all the advancements of money necessary to conduct the business, made by the plaintiff, was to be first repaid before the division and repayment of any profits; that the defendant had, however, drawn on his interest therein during the time the affairs had been conducted, to the amount of $1,500; that in December, 1889, the firm had outstanding bills due them of about $10,000, all of which could have been collected by simply drawing on the debtors; that said partnership is about to be dissolved and closed out, and the defendant is wholly insolvent; that on or about December 1, 1889, said defendant, secretly and without plaintiff's knowledge, went to Chicago and secured of the Creamer Package Manufacturing Co. settlement and payment in the sum of $4,520 of the account of said firm, and refused and neglected to enter the payment on the books thereof, and concealed from the plaintiff the fact that he had collected the same; that the defendant, on the 4th day of December, 1889, wrote a letter to his partner stating that he was desirous of going to Minster, O., to transact some private business of his own, but he did not go there, and had no business at that place; that said letter was written fraudulently and deceitfully, and for the purpose of concealing

from his partner his real design; that, instead of go-
ing to Ohio, he went to various places over the coun-
try where their debtors resided and collected of them
sums of money specified in the complaint aggregating
in amount $7,520, all of which were owing to said
firm, and there is due the plaintiff about $8,000, for
money advanced by him to carry on the business, that
has not been paid, and to Shewalter Bros., for money
paid out by them for said firm, the sum of about $800,
and other outstanding accounts, the amount of which is
not exactly known to this plaintiff; that said defendant
refuses to account for the money so collected and has re-
fused to pay out of said money any debts of said firm,
although orders and checks have been presented for pay-
ment, and declines to use said money for the benefit of
the firm, or to pay any part thereof to this plaintiff; that
said firm still owns timber in the yard and at their
factory, to be cut, and it is to the interest of the firm to
have it cut and sold; that the plaintiff has asked and
demanded that a settlement and accounting be had be-
tween said parties, but the defendant refuses to pay over
the money or to settle the partnership affairs; that all
the acts of said Adams in collecting said money were
done with the fraudulent intent and purpose of cheating
and defrauding the plaintiff. Wherefore plaintiff de-
mands judgment for ten thousand dollars, and an ac-
counting, a settlement of said partnership, and dissolu-
tion of the firm.

There is a prayer for the appointment of a receiver to
take charge of the assets and close up the business of the
partnership, and for all other proper relief.

Appellant's entire attack upon the sufficiency of the
complaint is predicated upon the theory that in its gen-
eral scope and tenor, it is an action at law based on con-
tract for the recovery of money, and not a suit in equity,

and that it fails to state a cause of action for the reasons heretofore specified.    It is true that, under the code, one partner can not sue his copartner to recover an indebtedness of the latter to the former growing out of the partnership transactions, until the affairs of the firm have been closed up, and its debts have been paid.    But, in courts of chancery, a partner could sue his copartner and obtain an adjustment of his partnership affairs, and thus recover his whole interest therein.    By the code we have but one form of action which embraces all that was formerly comprehended by actions at law and suits in equity, and there is a remedy if the case is such as would formerly have called for the interposition of a court of equity.    *Briggs* v. *Daugherty*, 48 Ind. 247; *Douthit* v. *Douthit*, 133 Ind. 26.

In *Barnes* v. *Jones*, 91 Ind. 161 (167), it is laid down, "that not only willful acts of fraud and bad faith, but gross instances of carelessness and waste in the administration of the partnership, as well as the exclusion of the partners from their just share of the management, so as to prevent the business from being conducted on the stipulated terms, are sufficient grounds for the dissolution of the contract by a court of equity. So also, it seems clear that a habit on the part of one partner of receiving moneys and not entering a receipt in the books, or not leaving the books open to inspection of the other partners, whether such conduct arise from a fraudulent intent or not, is good ground for a dissolution."

In *Kimble* v. *Seal*, 92 Ind. 276, it was held that when a partner, on demand, refuses to account with his copartner, a suit for dissolution and an accounting may be maintained, and the complaint need not aver either the amount put in or taken out by either party, these being incidental matters to be ascertained by the proof.

So, in *Meredith* v. *Ewing*, 85 Ind. 410, it is said: "One partner may * * maintain an action to compel an accounting, and to recover such sum as may be found due him upon the final adjustment of the partnership affairs."

It is needless to cite authorities in support of the doctrine that the court is vested with the power to appoint a receiver on proper application, in this class of cases *pendente lite*. Applying these tests to the complaint under consideration, it was abundantly good for a dissolution and an accounting, and the demurrer was properly overruled.

It is contended that because the agreement of the parties provided that dissolution could only be had at the end of six months, and after thirty days' notice had been given, appellee would be remediless until he had complied with its terms.

Appellant loses sight of the fact that every partner not only has his rights as given him by contract; but those guaranteed by law, and if he is being defrauded, he has access to the courts for relief. It would be a strange condition of things, if a court of conscience would allow a partner, hopelessly insolvent, to loot a concern of $7,000 or $8,000 of its contents, and then barricade himself behind his own fraud, and take advantage of the wrong so perpetrated. Men's estates are not despoiled by courts of justice in this way. It is urged that as the complaint concludes with a demand for $10,000, it is a complaint for a mere demand for money due, but it has been ruled otherwise, and the position is not tenable. *Miller* v. *Rapp*, 135 Ind. 614 (618). The contention that the court could not ascertain the amount due, can not be considered here, as the evidence is not in the record. It is urged by appellant that the court erred in sustaining the motion to strike out the second and third

paragraphs of answer. In our opinion there was no available error in this ruling, as all pertinent facts pleaded in either paragraph could be proven under the first paragraph which was in general denial. *Robinson* v. *Snyder,* 74 Ind. 110; *Gheens* v. *Golden,* 90 Ind. 427.

The decision of the court below will have to be affirmed.

The judgment is affirmed with costs.

Filed Nov. 13, 1894.