## ADAMS *v.* CARMONY.

[No. 6,277. Filed March 17, 1909. Rehearing denied October 5, 1909.]

1. PARTNERSHIP.—*Dissolution.*—*Rights of Partners.*—Upon the dissolution of a partnership by mutual agreement, the rights of the partners to the property are equal; and where one of the partners is given possession of the partnership property for the purpose of winding up the partnership, he occupies a position analogous to that of a surviving partner. p. 293.

2. PARTNERSHIP.—*Winding up.*—*Surviving Partners.*—The court has jurisdiction over the action of a surviving partner in winding up the partnership; and it is the court's duty to require a careful administration and speedy settlement of such partnership affairs. p. 293.

3. PARTNERSHIP.— *Winding up.*— *Courts.*—*Jurisdiction.*—*Action.*— Where, by mutual consent, one partner undertakes to wind up the

partnership, the other partner, in order to enforce his rights therein may file a suit, thereby giving the court jurisdiction to compel an accounting and a winding up of the partnership affairs. p. 293.

4. PARTNERSHIP.—*Winding up.—Debts.—Distribution.*—The court may order a partial distribution of the proceeds of a partnership, though the debts are not paid, where sufficient property remains out of which the debts may be paid.  p. 294.

5. APPEAL.— *Right Result.— Partnership.*— Where the trial judge carefully considered the numerous accounts and transactions involved in a partnership accounting, and reached a right result, the judgment will not be disturbed on appeal.  p. 294.

6. APPEAL.— *Decisions.— Requisites.*— The Appellate Court is not legally required to write an opinion, where it affirms the judgment below.  p. 295.

7. PLEADING.—*Complaint.—Partnership.—Accounting.*—A complaint to compel an accounting by a partner, who was authorized by mutual consent of the partners to wind up the partnership, alleging misconduct, need not allege that the partnership debts have all been paid, misconduct constituting an actionable invasion of the rights of the other partners.  p. 295.

8. PARTNERSHIP.—*Accounting.—Right of.*—Any partner may maintain a suit for an accounting.  p. 297.

From Jay Circuit Court; *John F. LaFollette,* Judge.

Suit by Volney D. Carmony against Silas H. Adams. From a decree for plaintiff, defendant appeals.  *Affirmed.*

*Smith & Moran,* for appellant.

*Jacob F. Denney,* for appellee.

ROBY, J.—This is a suit for an accounting and for a receiver of the partnership assets of the firm of S. H. Adams & Co., which firm was composed of the appellant, Adams, and the appellee, Carmony.  The firm began business at Portland, Indiana, in January, 1897, and continued until January, 1906, during which period of time they expanded their business to Geneva, Indiana, and to Mingo, Missouri.  The partnership was dissolved on the latter date. Appellant, by agreement, took possession of the property, and proceeded to settle the partnership affairs.  The court made a special finding, stated conclusions of law thereon,

and entered a decree accordingly, continuing the suit as to the appointment of a receiver.

The points made by appellant, and presented by exception to the overruling of his demurrer to the complaint and by exception to the conclusions of law are: (1) That the suit will not lie until the firm debts have been paid; (2) that it cannot be maintained as a suit for a dissolution, such dissolution having taken place by contract; (3) that the appellant, being solvent, and engaged in winding up the concern, has the same right to the possession and control of the partnership assets as the other partner.

The appellant correctly asserts that, the dissolution having been by agreement, the appellant, being in possession of the assets for the purposes of realizing upon them, discharging liabilities and distributing the surplus, had the same right as, and occupies a position analogous to that of, a surviving partner. The premise being granted, the situation is greatly simplified. A surviving partner is by statute required to submit himself to the jurisdiction of the court, and is thereafter subject to the control and order of the court which has jurisdiction of said matter. It is the duty of such court to exercise rigid inspection over the settlement of such estate, insuring a speedy administration thereof. *Harrah* v. *State, ex rel.* (1906), 38 Ind. App. 495.

In the case at bar the institution of an independent suit was necessary to confer jurisdiction. That being acquired, those remedies by which a court of equity works out justice as occasion calls for became available. Had a receiver been appointed the possession of the assets and the further conduct of the estate would have been removed from appellant. The court did not go to this extent, and there is no reason why it should not do as it did—avoiding the expense incident to a settlement thus made. Certainly it does not lie with appellant to object that he is still

permitted to act. Had a receiver been appointed it would have been competent for the court to order a partial distribution of assets. *Herrick* v. *Miller* (1890), 123 Ind. 304. Nor would this trench upon the established doctrine that partnership debts must be paid before distribution to the partners. *Powell* v. *Bennett* (1892), 131 Ind. 465. The court will, as in administration of decedents' estates, see to it that no partial distribution interferes with the payment of debts in full.

The decree appealed from requires appellant to pay out of the cash assets of the firm $3,600, in discharge of liabilities, and to proceed with diligence, realize upon unsold assets, account to appellee for his proportionate share thereof, and also to pay $24.30 to appellee, such sum being his share of funds on hand not necessary to pay liabilities. The transactions involved in this settlement are numerous, amounting to many thousands of dollars, and covering extended periods of time. The trial judge with patience and care investigated these matters, and entered a decree which is unexceptionable in results. No public or private interest would be served by an attempt here to review the facts found by him. Indeed, no serious fault is found with the result, except as the same is based upon legal propositions which are not applicable to the facts, as they are here presented.

Judgment affirmed.


## ON PETITION FOR REHEARING.

RABB, J.—Appellee earnestly insists in his petition for a rehearing of this case that the court failed to give proper attention to the questions presented by his assignment of error, for the reason that each assignment is not taken up, discussed and decided, in the opinion delivered by the court, in the order and manner in which they are presented by appellant.

The statute does not require this court, upon the affirmance of a judgment of the court below, to give any opinion in deciding the case, and therefore, after a full consideration and determination by the court of all the questions presented by the record, and the conclusion being reached that the judgment should be affirmed, it was deemed that a simple statement of the meritorious question involved in the appeal, together with the court's decision thereon, was all that was necessary to be shown in the opinion handed down; but inasmuch as appellant, in evident sincerity and good faith, conceives that a palpably reversible error intervened in the action of the court below in overruling a demurrer to appellee's complaint, we here state the question as it is presented in the record, and the views of the court upon it.

The substantial averments of the complaint are, that in January, 1897, the parties formed a partnership to carry on the business of manufacturing and selling barrel staves and headings. Each contributed a certain sum to the capital of the firm, the contract being that each partner was to share in the profits and losses of the business in the proportion that his interest bore to the capital invested; that the firm operated until January 1, 1906, when it was dissolved; that at the time of the dissolution of the partnership an invoice was taken of the assets and liabilities of the partnership; that the appellant purchased certain items of partnership property, and agreed to pay the partnership therefor $9,400; that he further agreed to take all the unfinished material belonging to the partnership, finish and complete the same for market, and, when realized upon, to account to the appellee for his share of the profits; that as to the residue of the property belonging to the firm no agreement was made between the parties as to its disposal; that the partnership was the owner of factories and plants, consisting of machinery, buildings and fixtures, at Portland and Geneva, in Indiana, and at Mingo,

Missouri, of the value of $12,000; that the appellant has wrongfully taken possession of the partnership property, sold part of the same, and converted the proceeds to his own use, refusing to account to the appellee for the same; that he has taken possession of the firm's factories at Portland, and is running and operating the same in his own private business, and is claiming the absolute ownership thereof; that he has sold stock and other assets of the firm to the extent of $16,000, and appropriated the same to his own use, and refuses to account to the appellee for the same. The complaint demands an accounting and judgment for whatever sum may be due to appellee upon the final settlement of the partnership, and for all other proper relief.

It is appellant's theory that this complaint is bad, because it fails to show that the firm's debts were all paid, and that until the partnership debts were paid no action could be maintained by either partner against the other for anything. This is an entirely mistaken view of the law. Simply because the debts of a partnership may not all be paid, does not leave one partner remediless against the wrongful invasion, by his copartner, of his rights in the partnership property. If the partnership is dissolved and the partnership assets come into the hands of one of the partners, such partner will be treated as a trustee for the other members of the firm, and, for any violation of that trust, the courts of equity afford complete and ample redress. In *Skillen* v. *Jones* (1873), 44 Ind. 136, 145, the Supreme Court said: "If the surviving partner fails unreasonably to close up and settle the partnership business, or if it shall be shown that he is unfaithful to his trust, a court will entertain an action against him for an account and final adjustment of the partnership business, and in a proper case appoint a receiver." The same principle applies as well to a case where the partners are all living, the partnership dissolved, and the firm's assets are in the hands of one of the partners. Such partner cannot hold the firm's property,

divert it to his own use, and meet his partner's demand for an accounting by the plea that the firm's debts are not paid. And while one partner may not maintain an action at law against a copartner for a share of the profits of the 8. partnership business until there has been a final accounting and settlement of the partnership business, it is equally well settled that he may maintain a suit in equity to compel an accounting, and recover such sum as may be found due upon final settlement of the partnership affairs. *Meredith* v. *Ewing* (1882), 85 Ind. 410; *Douthit* v. *Douthit* (1892), 133 Ind. 26; *Miller* v. *Rapp* (1893), 135 Ind. 614; *Adams* v. *Shewalter* (1894), 139 Ind. 178; *Hanna* v. *McLaughlin* (1902), 158 Ind. 292; *Bond* v. *May* (1906), 38 Ind. App. 396. And this is what is sought in this complaint. It is a suit to compel an accounting, by one partner against another, who is alleged to have in his possession the entire assets of the firm, and which it is alleged he has converted to his own use. The demurrer to the complaint was properly overruled.

Petition for rehearing overruled.