## THE FRANKFORT CONSTRUCTION COMPANY v. MENEELY.

[No. 8,996.   Filed April 20, 1916.   Rehearing denied June 27, 1916.]

1. PARTNERSHIP.—*Termination.—Grounds.—Fraudulent Bookkeeping.*—Partners are held to the highest degree of good faith toward each other, and where there is fraud on the part of one of the partners in keeping the partnership books, which were by the terms of the contract the basis of the division of profits between the parties, such breach of good faith is ground for a termination of the relationship and for an accounting, even though the duty of keeping the accounts was not specifically imposed on such partner by the contract of partnership.   p. 516.

2. PARTNERSHIP.—*Termination.—Grounds for.—Refusal of Accounting.*—The refusal of a partner to make an accounting when demanded is ground for the termination of the partnership relation.   p. 516.

3. PARTNERSHIP.—*Contract.—Refusal to Perform.*—In a suit for accounting between partners the trial court found that there had been formed between the plaintiff and defendant a partnership for the construction of roads under a contract providing that the plaintiff was to superintend the work of construction or be charged with the expense of procuring another to perform such services; that the defendant was obligated to provide all expense money; that the contract should be void if the plaintiff should

refuse to perform his part of the agreement; and that, while the plaintiff was engaged on several of the roads under construction, one road was built without his superintendence, for which road he was allowed no profit. *Held*, that such conclusions do not amount to a finding that the plaintiff refused to perform his part of the contract so as to make it void. p. 518.

4. PARTNERSHIP.—*Termination.*—*Grounds.*—*Conversion of Funds.* —A conversion of the funds of a partnership to his own use by one of the partners is ground for dissolution and an accounting, in spite of contractual provisions to the contrary. p. 518.

5. PARTNERSHIP.—*Rights of Partners.*—*Possession of Funds.*—*Division of Profits.*—Even though a contract of partnership provided that the profits should not be divided until the work of the partnership was completed, yet the profits accruing before that time were equally the property of both partners, and the appropriation of such funds by one partner, under a claim of ownership, to the exclusion of the other was sufficient justification for the latter refusing to continue the work, and the provision in the contract determining his rights therein in case of his refusal to continue its performance would have no application. p. 518.

From Tipton Circuit Court; *James M. Purvis,* Judge.

Action by William C. Meneely against the Frankfort Construction Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Joseph P. Gray, O. E. Brumbaugh* and *Jesse R. Coleman,* for appellant.

*James V. Kent, Thomas M. Ryan* and *Gifford & Gifford,* for appellee.

IBACH, C. J.—Appellee and appellant were partners in a joint undertaking for the construction of certain gravel roads in Clinton county, Indiana, and this action was brought by appellee on a complaint in two paragraphs, the first asking for an accounting from appellant; the second seeking to recover certain profits from the said undertaking, which it was alleged appellant had converted.

Appellant first urges error in the overruling of its demurrers to each paragraph of complaint. We

think the complaint is sufficient to withstand the objection urged, for it alleges an excuse for the failure of appellee to entirely complete on his part the contract between him and appellant, since there is averred fraud of appellant in keeping the books of the joint enterprise. Partners or persons engaged in joint adventures are held to the highest degree of good faith towards each other, and it is their duty to keep correct accounts. Lindley, Partnership (8th ed.) 466, 656; Elliott, Contracts §4905. Such breach of good faith is ground for termination of the relation, and for an accounting as to the dealings formerly had. Although the contract did not in terms impose on appellant the duty of keeping the partnership books, this did not make it less liable for the exercise of the highest good faith in keeping the accounts, and this duty is made greater by the fact that appellant's books were made by the contract the basis of the division of profits between the parties. Elliott, Contracts §4953; 30 Cyc 447. The complaint also averred that appellee demanded an accounting, which was refused, and such refusal is in itself ground for the termination of a partnership relation.

Error is also assigned in the court's conclusions of law on the facts found. In brief, these facts are that appellant and appellee were associated in the construction of certain gravel roads in 1909 and 1910, the agreement between them being a verbal one; that this verbal agreement was superseded by a written agreement in 1911, and settlement was made for the roads previously constructed; that this latter agreement provided for the construction by the parties of four roads for which appellant had contracts, and one for which appellee had the contract, four of which roads, including the latter,

were known collectively as the Fickle roads and the other as the Barnett road; that appellee was to superintend or pay for superintending all the work and appellant was to furnish all money for expenses, each to share equally in profits; that appellant was to advance to appellee $2.50 per day for the time actually employed on the roads, this, as well as any other expenses paid out for superintending the work, to be deducted from appellee's portion of the profits; that the contract should be null and void, except as to appellee's right to a per diem, if he should *refuse* to perform his part of the agreement; that, if a road should be graded or graveled and he should be absent from the road or fail to superintend it in the proper manner, appellant was to employ a competent foreman or superintendent to superintend said road and charge the expenses to appellee. It was also found that appellee, according to the terms of his contract, superintended all the work done in the construction of three of the roads, and while he was so engaged, another of the Fickle roads was built and constructed under a superintendent other than appellee; that appellee complied with all the terms of the contract on his part as to the Fickle roads; that the Barnett road was included in the written contract, but appellee had no part in its construction, and is not entitled to any of the profits therefrom; that the profits on said Fickle roads were $2,419.07, of which sum appellee owned one-half; that there had been advanced to him $423.05, which should be deducted from his share of profits; that there was due him as his share of profits $786.48; that appellant refused on demand to pay his share of profits to appellee, and that it had appropriated to its own use the profits from said roads and claimed to be the owner of the same; that appellee converted and

appropriated to its own use, unlawfully and without right and to the appellant's damage, his one-half share of the profits to the value of $786.48. Upon these facts the court stated as conclusions that the law is with the appellee, and that he is entitled to a judgment against appellant in the sum of $786.48.

Appellant's principal objection to the conclusions of law is that the facts found show that the contract provided that it should be null and void if appellee refused to perform any part of his contract and also show that he did not take part in the construction of one of the roads mentioned in the contract, from which it is argued that he is not entitled to the profits awarded him by the court. To this it may be said that there is no finding that appellee refused to perform his part of the contract in any respect. The contract provided for the employment of a superintendent by appellant for any road which appellee should fail to superintend, and that such expense should be charged to appellee. Further, the findings are that appellant had appropriated all the profits from the roads completed to its own use and was claiming them as its own. A conversion of the funds of a partnership to his own use by one of the partners, and the exclusion of the other partner from their possession, is ground for a dissolution and accounting and a refusal to further continue the relation and to perform the remaining portion of the contract, in spite of contractual provisions to the contrary. *Adams* v. *Shewalter* (1894), 139 Ind. 178, 38 N. E. 607.

Appellant admits that the contract was one of partnership. Even granting the construction of the contract contended for by appellant, that the profits were not to be divided until all the roads were completed, yet the profits

before that time, from the roads already completed, were equally the property of both partners. There was no right in one of them to exclude the other from their possession and to claim them as his own, and such act was an ample justification for the refusal of the other partner to continue with the contract, if he did so refuse, and the provision in the contract determining his rights in case of his refusal to continue in its performance could not apply where such refusal was occasioned by appellee's unlawful conduct. Judgment affirmed.

NOTE.—Reported in 112 N. E. 244. Dissolution of partnership, destroyed confidence between partners as ground, 69 Am. St. 423; 30 Cyc 447, 657, 712.