# RYAN *v.* BARNES.

[No. 10,133.   Filed January 13, 1920.]

1. PARTNERSHIP.—*Dissolution.—Sale by Partner of Whole Business to Stranger.*—Where a partnership is based on a contract right of one partner to sell a certain make of automobiles within a certain territory, and such partner sells such right to a stranger without the knowledge or consent of the other partner, such sale works a dissolution of the partnership. p. 154.

2. PLEADING.—*Demurrer to. Complaint.—Memorandum.—Partnership.*—In an action for an accounting between partners, failure of the complaint to aver that the partnership debts have been paid is waived by failing to include the point in the memorandum to the demurrer required by §344 Burns 1914, Acts 1911 p. 415. p. 155.

3. PARTNERSHIP.—*Actions for Accounting.—Pleading.—Averments of Indebtedness.—Failure to Challenge.—Rules of Construction.*—In an action between partners for an accounting after dissolution by the act of one partner, where the complaint is not challenged for failure to aver that the firm debts are paid, and contains an averment that the plaintiff had borne his full share of the expenses of the business, in the absence of a motion to make more specific, such averment will be deemed sufficient as to indebtedness, in view of the liberal rule of construction of pleadings in such cases where they are challenged as defective. p. 155.

4. APPEAL.—*Estoppel.—Partnership.—Actions Between Partners.*—In an action between partners, where the defendant was in charge of the firm books, if there were debts other than those disclosed, he should have developed them in evidence at the trial, and he

cannot complain on appeal of lack of evidence that all debts had been paid. p. 155.

5. PARTNERSHIP.—*Action for Accounting.—Debts.—Finding for Balance Due Partner.—Effect.*—In an action between two partners for an accounting, a general finding of a balance due one partner is a finding that all firm debts have been paid. p. 155.

6. TRIAL.—*Evidence.—Objection.*—An objection to oral evidence must be made before the question is answered. p. 156.

From Madison Circuit Court; *Luther E. Pence,* Judge.

Action by William E. Barnes against John H. Ryan. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Alfred Ellison,* for appellant.
*Phillip B. O'Neill,* for appellee.

NICHOLS, C. J.—The complaint in this action was by appellee against appellant. Its substantial averments, so far as concerns this opinion, are that appellant, having the contract right to sell Maxwell automobiles in certain townships of Madison county, Indiana, entered into a partnership agreement with appellee under the name and style of Ryan Automobile Company, conditioned that appellee should use all his efforts to sell such cars in said territory, sharing one-half of the expenses of such sales, and that he should receive one-half of the profits arising therefrom, should there be any profit. Such partnership was to continue from July, 1916, to July, 1917, but that it continued from July, 1916, only to February, 1917, during which time appellee sold forty cars, and that appellee during all of said time bore his equal share of the expense of maintaining the place of business and the expense of selling the cars. In February, 1917, appellant sold the exclusive right to

sell such cars in said townships to other parties without consulting appellee and without his consent, appellant keeping the purchase price for such right, and not permitting appellee to continue his sales until the end of said contract period. Appellant denies such partnership agreement, and seeks to deprive appellee of all his contract rights. Under such circumstances the partnership had discontinued, and there should be an accounting between appellee and appellant, a receiver should be appointed to care for the interests of the partnership, to dispose of the partnership interests, to reduce the same to cash, and to divide it between the parties as their respective interests might appear. There was a prayer for relief accordingly, and for all other necessary and proper relief. A demurrer to this complaint was overruled, after which appellant filed a general denial and the cause was submitted to the court for trial, which resulted in a general finding for appellee, and that there was due appellee from appellant $106.49, for which amount, after appellant's motion for a new trial was overruled, judgment was rendered. From this judgment, this appeal.

The errors assigned are the court's ruling on the demurrer to the complaint and on the motion for a new trial. The memorandum with the demurrer states that the complaint asks for an accounting, but does not show a dissolution of the partnership, and does not ask for a dissolution and therefore no accounting is due. The dissolution of the partnership is sufficiently averred. Appellant's sale of the right to sell cars, in the territory involved, to a stranger worked a dissolution. *Reece* v. *Hoyt,* (1853), 4 Ind. 169; *Barkley* v. *Tapp* (1882), 87 Ind.

25; *Pennville Nat. Gas, etc., Co.* v. *Thomas* (1898), 21 Ind. App. 1, 51 N. E. 351; Elliott, Contracts §4952.

Appellant in his points and authorities says that the complaint is insufficient for the reason that it fails to aver that the partnership debts have been paid, but there was no memorandum to this effect with the demurrer to the complaint, and the point is therefore waived. §344 Burns 1914, Acts 1911 p. 415; *Miller* v. *Berne Hardware Co.* (1917), 64 Ind. App. 473, 116 N. E. 54. In actions for dissolution of partnerships and for accounting courts deal with much liberality with pleadings that are challenged as defective. 30 Cyc 734. In this case, as there was no challenge of the complaint for failure to aver as to indebtedness, and as the complaint does contain an averment that appellee had borne his full portion of the expenses of the business, in the absence of a motion to make more specific, we shall deem the averment sufficient as to indebtedness. In *Adams* v. *Carmony* (1909), 44 Ind. App. 291, 87 N. E. 708, 89 N. E. 327, it is held that after a dissolution of a partnership, where one partner has converted the assets to his own use, an action in equity can be maintained for an accounting, though the firm debts have not been paid. Numerous authorities are cited in support of the principle. The demurrer to the complaint was properly overruled.

Appellant says that the evidence was wholly insufficient to support the verdict, for there was no evidence that any or all of the debts of the partnership had been paid. Appellee first testified that the expense of the business was $826.53. Appellant then testified in addition to this that there was freight to the amount of $360. Appel-

lant then stated that he did not include the freight. Appellant's stenographer and bookkeeper then testified that the expense account was $826.53, and $345 was the correct freight account. If there were other debts, appellant, who was in charge of the books of the partnership, should have developed them in evidence. Failing so to do, but remaining silent when he should have spoken, he will not now be heard to speak. The trial court evidently understood that all debts had been paid and, by its general finding of a balance in favor of appellee, so found, for a finding and decree upon an accounting necessarily implies that the amount named as due to a partner has been ascertained after a full settlement of partnership affairs. *Hayes* v. *Reese* (1860), 34 Barb. (N. Y.) 151.

Appellant complains of error of the court in permitting oral evidence of a written instrument, without appellee having shown due diligence in his efforts to produce it, but an examination of the record clearly shows that appellant failed to make any proper objection, in each instance the objection coming after the question was answered.

6.

We find no reversible error in the record, and the judgment is affirmed.