CAMPBELL et al. v. CLARK et al.

(Circuit Court of Appeals, Fifth Circuit. May 15, 1900.)

No. 905.

1. PARTNERSHIP—SUIT FOR SETTLEMENT—GROUNDS.

A bill alleging the formation of a partnership between complainants and defendants; that defendants had the active management of the partnership business, and were, by the terms of the partnership agreement, to keep accounts of the same; that they have used a part of the firm property

to pay their individual debts, and have executed deeds and mortgages covering the remainder; and that there has been no settlement or accounting,—states sufficient grounds to sustain a suit in equity for a settlement of the partnership.

2. LIMITATIONS—SUIT FOR SETTLEMENT OF PARTNERSHIP—TEXAS STATUTE.

A suit between partners for the settlement of the partnership, and for an accounting by defendants in relation to partnership property, is not governed by the provisions of the Texas statute of limitations relating to actions for the recovery of property, but by Rev. St. Tex. 1895, art. 3356, fixing four years as the limitation for suits for the settlement of partnership accounts.

3. PARTNERSHIP—BILL FOR SETTLEMENT AND ACCOUNTING—MULTIFARIOUSNESS.

A bill for the settlement of a partnership is not multifarious because it joins as defendants persons to whom it is alleged their co-defendants, being partners with complainants, have transferred firm property in their possession for the purpose of defrauding the partnership, and prays that such property be decreed to be held in trust for the firm.

Appeal from the Circuit Court of the United States for the Northern District of Texas.

C. K. Bell (McCue, Mills & Miller, on the brief), for appellants.

H. C. Coke (A. S. Coke, on the brief), for appellees.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge. This suit is brought by James H. Campbell and George W. Clawson, citizens of Missouri, against Dorr Clark, a citizen of Wisconsin; D. C. Plumb, a citizen of Illinois; C. L. Ware, a citizen of Texas; and the Evans-Snider-Buel Company, an Illinois corporation engaged in business in the state of Texas, its principal office being at Ft. Worth, Tex. The bill and exhibits comprise 86 closely-printed pages. The bill contains many repetitions and much irrelevant matter. The only questions before us, however, are raised by demurrers addressed to the entire bill. We select from the bill and condense such of its statements as relate to the questions to be decided: In October, 1894, the plaintiffs, James H. Campbell and George W. Clawson, formed a partnership with Dorr Clark, D. C. Plumb, and George E. Black. Black withdrew from the firm. Each of the remaining partners had by the agreement a one-fourth interest in the partnership. The purpose of the partnership was the "handling, raising, buying, and selling cattle, and the purchase and owning of the necessary ranches." The firm name adopted was Clark & Plumb. The plaintiffs are described as silent partners. The profits were to be shared and the losses borne equally by the partners. Dorr Clark and D. C. Plumb were to hold possession of the property purchased and manage the business. The plaintiffs were to furnish the funds through the Campbell Commission Company, an Illinois corporation. The plaintiffs were the chief stockholders in this corporation. One of the plaintiffs was its president, and the other its vice president. The notes of the firm were executed, and the plaintiffs negotiated the notes through the Campbell Commission Company, and placed the proceeds with that company, to the credit of the firm. With the funds so raised, the firm purchased a ranch of McCoy, Rummery & Hay, together with the cattle and horses on it, at the price of $105,000. Five thousand dollars was paid in cash, and $25,000

on December 1, 1894, and the deferred payments were secured by a deed of trust on the property. The firm also bought 240 bulls, for which it paid $7,000.. In May, 1895, with funds raised in the same manner, the firm bought of Cookson & Schultz another ranch, with the improvements thereon, and 4,000 head of cattle and a number of horses and mules, together with wagons and camp outfits, for the sum of $43,000. The firm executed a chattel mortgage to the Campbell Commission Company for $50,000 on the 4,000 head of cattle so purchased. This mortgage contained a power of sale, and was duly recorded. These ranches contained in the aggregate 264,000 acres, part of which, however, the firm held only by leases. The property owned by the firm on the 25th of June, 1895, was worth $300,000, and was subject to liens to the amount of $125,000. It was part of the partnership agreement that no salaries or commissions of any kind should be charged by any of the partners for attention given to the partnership business, and that an accurate account should be kept by Dorr Clark and D. C. Plumb of the expenses incurred by them in the transaction of the business, including interest, which should be a charge against the profits arising from the business. It was also agreed that their books and accounts should at all times be open to the inspection of any of the partners, and that Dorr Clark and D. C. Plumb would superintend personally the management of the cattle bought under the partnership contract. On the 25th of June, 1895, Dorr Clark and D. C. Plumb, without the knowledge of the plaintiffs, made a chattel mortgage conveying to D. T. Bomar all of the personal property of the firm, and on the same day made to him a deed of trust conveying to him all the real estate belonging to the firm. There has been no settlement or accounting as to the partnership transactions. Dorr Clark and D. C. Plumb used large amounts of the partnership funds to pay their individual debts, and they also used parts of the partnership property for that purpose. There is a prayer for the dissolution of the partnership, and that an account may be taken of all co-partnership dealings and transactions, and that an account may be taken of the amount paid by the plaintiffs to the defendants Dorr Clark and D. C. Plumb on account of the partnership, and that, in the settlement of the partnership, Dorr Clark and D. C. Plumb be charged with the funds and property of the partnership which they have used to pay their individual debts, and that a lien may be declared in favor of the plaintiffs upon the interests of Dorr Clark and D. C. Plumb in the partnership property for such sums as may be found to be due to the plaintiffs. The defendants demurred to the bill. The grounds alleged are, in brief, that the plaintiffs show no right to relief; that they show no interest in the property; that their rights in the personal property referred to are barred by the statute of limitations of two years; and that their right and interest in the real estate referred to are barred by the statute of limitations of three years. The Evans-Snider-Buel Company and C. L. Ware demurred to the bill upon the additional ground that it was multifarious.

The relation existing between partners is fiduciary in character. Courts of equity have jurisdiction to settle accounts as between part-

ners. "In the contract of partnership, and the relations arising therefrom, the jurisdiction embraces suits for contribution, accounting, and pecuniary recovery necessary for the settlement of all claims which may exist between the partners themselves, or between the partnership and its members and the firm and individual creditors,—all claims, in fact, for which the law, by its actions, gives no adequate remedy." 1 Pom. Eq. Jur. § 186, p. 176. The averments of the bill show the partnership and the purchase of the partnership property. It shows that the defendants Dorr Clark and D. C. Plumb had the active management of the partnership business, and that by the terms of the partnership agreement they were to keep the books and an account of the expenses. It shows, also, that they have used part of the property to pay their own debts, and have executed deeds and mortgages conveying all of it. A bill containing these averments undoubtedly has equity as a bill to settle a partnership. Pars. Partn. pp. 508, 509; Harvey v. Varney, 98 Mass. 118; 1 Story, Eq. Jur. (5th Ed.) § 672 et seq. A suit by one partner against another partner for an accounting is not barred by the statute of limitations of two years or of three years. A suit for the settlement of partnership accounts shall be commenced and prosecuted within four years after the cause of action shall have accrued. Rev. St. Tex. 1895, art. 3356. If it be conceded that the right of action for an accounting accrued when Dorr Clark and D. C. Plumb transferred all the partnership property, on June 25, 1895, the suit would not be barred by the statute of limitations of four years, because the bill was filed on the 29th of May, 1899, which is less than four years from the date of the deeds. On the averments of the bill, this suit is not barred by the statute of limitations. Riddle v. Whitehill, 135 U. S. 621, 10 Sup. Ct. 924, 34 L. Ed. 283.

It is alleged in the bill that Dorr Clark and D. C. Plumb, in executing the chattel mortgage on the 25th of June, 1895, intended to cheat, wrong, and defraud the plaintiffs, and that on the same day they executed a deed of trust on the real estate of the firm with the same intention; that the purpose of the instruments was to secure a dissolution of the firm, and enable Dorr Clark and D. C. Plumb subsequently to become the owners of the property. It is averred that the deed was executed for the purpose of securing the individual debts of Dorr Clark and D. C. Plumb. The debts specified in the bill amount to $68,060, of which only $5,000 was a debt of the firm. It is alleged that the defendant Dorr Clark made an agreement with Henry G. Weare by which the latter was to become the purchaser of the property from D. T. Bomar as trustee and mortgagee, and that Dorr Clark was to have a one-half interest in the property. Weare bought the property under this arrangement, and took possession of it. Weare made this arrangement with the knowledge that the property belonged to the partnership. It is alleged that the Evans-Snider-Buel Company lent to Dorr Clark and D. C. Plumb a large sum of money, and that to secure it the firm property was transferred to C. L. Ware as trustee, and that afterward C. L. Ware executed a deed of trust upon all of the lands, and a chattel mortgage upon all of the personal property, to the Evans-Snider-Buel Company, for the purpose of se-

curing to them the money so advanced to Dorr Clark and D. C. Plumb. The plaintiffs do not know the amount of money that the Evans-Snider-Buel Company advanced. It is also alleged that Dorr Clark and D. C. Plumb transferred their remaining interest in the property to C. L. Ware, and that Henry G. Weare and Weare & Allison released to C. L. Ware any claims which they might have and hold in the property. C. L. Ware is the agent of the Evans-Snider-Buel Company. The bill contains a prayer that C. L. Ware and the Evans-Snider-Buel Company be decreed to hold the property as trustees for the firm of Clark & Plumb. It will be seen from these averments, extracted from the various pages of the bill, that it is charged that the defendants Dorr Clark and D. C. Plumb conspired to use the partnership property for their own benefit, and that the other defendants, with knowledge of these facts, have obtained an apparent interest in the property. One partner has no right to purchase an interest in partnership property, and thereby secure an advantage to himself to the injury of the partnership. He has no right to use the partnership property to secure or pay his own debts. Whenever he does so, no matter what form the transaction takes, equity will afford relief. If he or others, with knowledge of the facts, obtained possession or title to property under such circumstances, they will in equity be declared to hold it as trustees for the benefit of the partnership. Riddle v. Whitehill, 135 U. S. 621, 10 Sup. Ct. 924, 34 L. Ed. 283. A suit for that purpose would not be barred usually by the statutes of limitations applicable to suits to recover personal property or real estate. Chouteau v. Barlow, 110 U. S. 238, 3 Sup. Ct. 620, 28 L. Ed. 132.

The bill contains two separate and distinct equities that prevent it, as a whole, from being amenable to demurrers. It is good as a bill for an accounting to settle a partnership, and it is good as a bill to charge certain of the defendants as trustees holding property described for the benefit of the partnership. It is not multifarious. It may be necessary to sell the property alleged to belong to the partnership, in order to fully settle the partnership transactions. To do this, those claiming an interest in the property should be before the court. We do not wish to comment further upon the case at this time, as it is before us only on the demurrers. We cannot tell how it will appear when answers are filed and evidence is taken. Conceding the truth of the averments of the bill, the plaintiffs are entitled to relief. The court below erred in sustaining the demurrers to the bill. The decree of the circuit court is reversed, and the case is remanded to that court, with directions to overrule the demurrer, with costs, and to take such further proceedings in the suit as shall be proper, and not inconsistent with the opinion of this court.