## THOMAS *v.* HOLLINGSWORTH.

[No. 22,490.  Filed January 13, 1914.  Rehearing denied April 1, 1914.]

1. PARTNERSHIP.—*Action for Accounting.—When Maintainable.*—Where, under a partnership for the purpose of taking an option on certain real estate and selling the land thereunder at a profit, the land had been sold, and the partnership debts had been paid, and one of the partners was in possession of the firm's entire assets, which he was attempting to convert to his own use, denying that the other partner had any interest therein, the latter could sue for an accounting and settlement, though such assets were represented by a promissory note which had not been collected. p. 413.

2. PARTNERSHIP.—*Accounting.—Parnership Assets.*—Where, following the expiration of an option on real estate taken by a partnership formed solely to procure such option and sell the land, a sale thereof was made by one of the partners, not, however, as the result of such partner's efforts independent of the partnership and subsequent to the expiration of the option, but rather as the result of negotiations begun by the partnership during the life of the option and continued thereafter with the acquiescence of the owners of the land, equity, as between such partners, will not regard the time as of the essence of the partnership agreement, and will treat the profits arising from the transaction as partnership assets. p. 415.

3. PARTNERSHIP.—*Action for Accounting.—Personal Judgment.*—In a partner's action for an accounting and settlement, where it appeared that one of the partners had converted to his own use a promissory note which represented the assets of the partner-

ship, the court did not err in rendering a personal judgment against him for the amount of the other partner's interest therein. p. 416.

From White Circuit Court; *James P. Wason,* Judge.

Action by Thomas A. Hollingsworth against Fred Thomas. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*Addison K. Sills, Jr.,* for appellant.
*Edgar D. Randolph* and *Emory B. Sellers,* for appellee.

SPENCER, J.—Appellee brought this action on November 11, 1910, to secure the dissolution of a partnership between appellant and himself, and for an accounting between the partners. He alleged, in substance, that in April, 1910, said parties entered into an agreement and partnership for the purpose of taking an option on certain described real estate in Pulaski County; that they agreed to sell said land under said option, to divide equally the profits to be derived from said sale, and to share equally the expenses incident thereto; that said option was to be taken in the name of appellant and all proceedings with reference to the sale of said land were to be had in his name; that, in accordance with said agreement, appellant and appellee procured a written option on said land and paid therefor the sum of $250; that, in accordance with the terms of the partnership agreement, said option was taken in the name of appellant but appellee paid one-half of the price thereof; that the land was advertised by the partners at considerable expense to each, and in the month of October, 1910, it was sold under the option to one John B. Best; that, as representing the net consideration due the partnership for the sale of said land, there was executed a promissory note in the sum of $2,000 by said Best and another, payable on February 27, 1911; that, under and by virtue of said option, said note was made payable to the order of one A. A. McCoy,

who endorsed the same, without recourse, to appellant; that the purposes for which said partnership was formed have been fully completed in the sale of said land and there is nothing left to do in said partnership except to adjust the rights of the parties to the proceeds from said sale and said note; that all debts and liabilities of said partnership have been fully paid and satisfied; that appellee has performed faithfully and fully all his duties with reference to said partnership and has paid in cash one-half of all expenses incident to the sale of said land under said option; that he has demanded of appellant an accounting and settlement of their interests in the proceeds from the sale of said land but that appellant has refused to account to appellee as to his interest in said partnership, and furthermore denies that appellee has any right in said proceeds; that appellant holds said note of $2,000 and has been attempting to sell and dispose of the same and appropriate the funds thereof; that appellee is the owner of a one-half interest in said note and is entitled to one-half the proceeds therefrom. Then follows a prayer for the dissolution of the partnership and an accounting of its dealings and transactions, and that "the defendant (appellant) be enjoined from disposing of said note until all partnership rights of said plaintiff and defendant in said partnership have been adjudicated and established by the court and that the proceeds from said note be divided equally between the plaintiff and defendant; that the plaintiff be given judgment against the defendant for one-half interest in said note and the proceeds thereof, and for all other proper relief in the premises."

Appellant earnestly contends that his demurrer to this complaint should have been sustained. He asserts that the evident theory of this pleading is that a partnership relation existed between the parties, that the business of the partnership had been completed, and that all there remained to be done was to divide the property. But as the only property was shown to be a mere promise to pay,

the affairs of the partnership could not be finally closed until this note was collected or shown to be worthless and a court could not decree an accounting of a mere promise to pay. In support of this position, appellant quotes the following language from the case of *Thompson* v. *Lowe* (1887), 111 Ind. 272, 274, 12 N. E. 476: ''It is undoubtedly true as a general rule, that until the accounts of the partners are finally adjusted, or until the affairs of the firm are so far settled as that nothing remains except to ascertain the final state of the account between the partners, no action can be maintained by one partner against the other in respect to particular items of account pertaining to the partnership business. Courts will not ordinarily entertain matters relating to partnership accounts between partners, until by its judgment or decree a final adjustment of the partnership business can be effected.'' This rule is also applied in *Lang* v. *Oppenheim* (1884), 96 Ind. 47; *Briggs* v. *Daugherty* (1874), 48 Ind. 247; *Bond* v. *May* (1906), 38 Ind. App. 396, 78 N. E. 260. It will be observed, however, that the complaint further charges that appellee made a demand on appellant for an accounting and settlement, that appellant denied that appellee had any interest in the note in question, and that he was attempting to dispose of said note and appropriate to his own use the proceeds thereof. Where two or more persons form a partnership for the purpose of acting together in a single transaction, as in this case, and that transaction is fully closed before the suit is brought so that nothing remains but the division of the partnership assets, there is a termination of the partnership which will authorize one partner to maintain a suit in equity for an accounting against another partner who has appropriated or is threatening to appropriate the firm assets. *Hanna* v. *McLaughlin* (1902), 158 Ind. 292, 63 N. E. 475; *Adams* v. *Carmony* (1909), 44 Ind. App. 291, 87 N. E. 708, 89 N. E. 327; *Campbell* v. *Clark* (1900), 101 Fed. 972, 42 C. C. A. 123; *Felbel* v. *Kahn* (1898), 29 App. Div. 270, 51

N. Y. Supp. 435. To quote from *Adams* v. *Carmony, supra* 296, "Such partner cannot hold the firm's property, divert it to his own use, and meet his partner's demand for an accounting by the plea that the firm's debts are not paid." In this action, appellee has alleged that the purposes of the partnership were accomplished and its debts all paid; that appellant was in possession of the entire assets of the firm; and that he was about to dispose of the same and convert the proceeds to his own use. This was sufficient to entitle appellee to equitable relief and, under the authorities above cited, the demurrer to the complaint was properly overruled.

In support of his motion for a new trial, appellant contends that the evidence does not sustain the finding of the court. He admits the existence of the partnership, 2. the terms of the agreement, and the purpose for which it was entered into but insists that the land in question was not sold under the option, his contention being that the promissory note represented the commission paid to appellant for his services in bringing about the sale of the land sometime after the expiration of the option. It appears from the evidence that the written option secured by appellant for the partnership on April 21, 1910, expired by its own terms on August 20 of that year, while the land was not sold until October 10, 1910. No written extension of the option was ever given and the evidence is in sharp conflict as to whether there was an extension. There is some evidence, however, that after August 20 appellee was informed by appellant that although the option had expired, they "could hold on to it because they (the landowners) hadn't furnished the original abstract" as provided in the option; that appellant asked appellee if he wished to continue in it or drop out, and he replied he would "stay in until we see the end through"; that the land was sold a few weeks later to one Best with whom negotiations had been opened during the life of the original option; that the sale was the result of "a continuation of correspondence and

interviews''. The sole fact that the sale was not made within the expressed limit of the option does not necessarily control since, as between appellant and appellee, a court of equity need not regard that element as of the essence of the partnership agreement. *Day* v. *Patterson* (1862), 18 Ind. 114, 117; *Maris* v. *Masters* (1903), 31 Ind. App. 235, 241, 67 N. E. 699. There is evidence in the record before us from which the trial court was justified in finding that the sale was not the result of appellant's efforts independent of the partnership and subsequent to its dissolution but was rather the culmination of negotiations begun by the partnership during the life of the written option and continued thereafter with the acquiescence of the owners of the land; that the terms of said sale were substantially those set out in the option; that appellee performed fully and in good faith, his part of the partnership agreement; that appellant had sold the note in question to an innocent purchaser prior to the rendition of the judgment in this case, and had converted the proceeds thereof to his own use. In fact, in discussing appellee's claim that he is entitled to one-half of the proceeds of the note, appellant concedes that it ''is probably true'' but insists that appellee is not entitled to recover under the allegations of the complaint.

The trial court, sitting as a court of equity, and with an opportunity to hear and observe the witnesses and to weigh their testimony, has concluded that the note in question was the property of the partnership and that as appellant has converted the same to his own use, appellee is entitled to a personal judgment for the amount of his interest therein. *Kimble* v. *Seal* (1883), 92 Ind. 276, 282; *McClure* v. *Board, etc.* (1896), 23 Colo. 130, 132, 46 Pac. 677; 39 Cyc. 639, note 58. We cannot say that this conclusion and judgment are unsupported by either the law or the evidence, and the judgment is therefore affirmed.

NOTE.—Reported in 103 N. E. 840. As to powers, rights, remedies and liabilities of partners after dissolution, see 40 Am. St. 561.