**UNITED FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant–Defendant,**

**Allstate Insurance Company, Appellant–Plaintiff,**

v.

**Kip M. SCHULT, Patricia L. Schult, Dennis Pahs, and Mary Pahs, Appellees–Defendants.**

No. 46A03–9201–CV–29 [1].

Court of Appeals of Indiana, First District.

Nov. 9, 1992.

Rehearing Denied Jan. 7, 1993.

[1]. This case was transferred to this office September 19, 1992 by direction of the Chief Judge.

Mark A. Lienhoop, Newby, Lewis, Kaminski & Jones, LaPorte, David J. Hanson, Kisti Good Rissee, Spangler, Jennings & Dougherty, Merrillville, for appellants.

Michael S. Bergerson, Kenefick, Gilmore, Bergerson & Laurin, and Scott H. Duerring, Michigan City, for appellees.

ROBERTSON, Judge.

United Farm Bureau Mutual Insurance Company (Farm Bureau) appeals from the denial of its motion for summary judgment. Allstate Insurance Company appeals from the denial of its own motion for summary judgment. On appeal, their claims address the manner in which provisions of their respective policies are applied or construed. We affirm in part.

■ The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which may be determined as a matter of law. *Bassett v. Glock* (1977), 174 Ind.App. 439, 368 N.E.2d 18. We are bound by the same standard as the trial court and must consider all the designated material, the pleadings, affidavits, depositions, admissions, answers to interrogatories, and testimony, in the light most favorable to the nonmovant to determine whether a genuine issue of material fact remains for resolution by a trier of fact. Ind.Trial Rule 56(C); *Ayres v. Indian Heights Volunteer Fire Dept., Inc.* (1986), Ind., 493 N.E.2d 1229. If no genuine issue of material fact exists, summary judgment is appropriate if the movant is entitled to judgment as a matter of law. *Woodward Insurance, Inc. v. White* (1982), Ind., 437 N.E.2d 59. The movant bears the burden to show the absence of a factual issue and its entitlement to judgment as a matter of law. *Norman v. Turkey Run Community School Corp.* (1980), 274 Ind. 310, 411 N.E.2d 614.

The evidence reveals that Kip Schult and Dennis Pahs were carpenters and were partners in Schult and Pahs Construction. A local tavern employed them to refinish a bar, and the two decided the work would best be done in the Schults' basement if the bar would fit there. Aside from this, Schult conducted business by phone from his home and kept his construction tools with his truck in his garage. On March 6, 1989, Pahs retrieved a sawhorse from the garage as the partners tried to determine whether the bar would fit in the basement. As he carried the sawhorse down the stairway, it collapsed. Pahs sustained injuries from the fall. At the time, Allstate had issued a deluxe homeowners policy on the Schults' residence. Also, Farm Bureau had issued a general liability-automobile policy to the partnership.

## THE FARM BUREAU POLICY

■ Farm Bureau claims it was entitled to summary judgment based upon the provisions of the policy. The policy provides:

This insurance does not apply:

(i) to **bodily injury** to any employee of the **insured** arising out of and in the course of his employment by the **insured** for which the **insured** may be held liable as an employer or in any other capacity
. . .

Farm Bureau claims that the facts are undisputed that the injuries to Pahs arose "out of and in the course of his employment" by the partnership. We conclude, however, that Farm Bureau has not shown it is entitled to judgment as a matter of law.

■ The evidence most favorable to Pahs reveals that he was a partner who split all profits and expenses incurred in the business. He made his living this way. Under Indiana law, a partner is not entitled to compensation for his services rendered to the partnership unless there is an agreement to the contrary. *Boushehry v. Ishak* (1990), Ind.App., 550 N.E.2d 784, 787, *modified*, 560 N.E.2d 116; Ind.Code 23–4–1–18(f).

As stated above, the moving party bears the burden to show its entitlement to judgment as a matter of law. *Norman*, 274 Ind. 310, 411 N.E.2d 614. Farm Bureau produced no evidence that Pahs received compensation for his partnership work independent of any profits he might receive as a partner nor any other evidence that Pahs was an employee rather than a general partner. Were we to merely assume that a partner is an employee of the partnership, as does Farm Bureau, then we would be forced to assume that the partner were also an employer who would be liable to himself as an employee, an anomalous position. Regardless, the evidence does not show as a matter of law that Pahs, a general partner of the partnership, is an employee of that partnership. *See Civil Rights Com'n v. Kightlinger & Gray* (1991), Ind.App., 567 N.E.2d 125 (no employer/employee relationship among partners with regard to the Indiana Civil Rights Law). Finally, as we have concluded that Farm Bureau has not shown as a matter of law that Pahs was an "employee" of the partnership, so must we also conclude that Farm Bureau has not shown as a matter of law that Pahs' injuries arose out of and in the course of his "employment" by the partnership.

■ Farm Bureau also claims it was entitled to summary judgment because "there was nothing done by Schults and Pahs Construction that was a reason for the staircase falling." Farm Bureau contends that Schult and his father-in-law first removed and then returned the staircase and that this was not the work of the partnership. Farm Bureau identifies the following portion of the policy:

II. **PERSONS INSURED**

Each of the following is an insured under this insurance to the extent set forth below:

\* \* \* \* \* \*

(b) if the **named insured** is designated in the declarations as a partnership or joint venture, the partnership or joint venture so designated and any partner or member thereof but only with respect to his liability as such.

The policy's definitions include the following: "'named insured' means the person or organization named in Item 1. of the declarations of this policy ..." Item 1. reads as follows:

Item 1. Named Insured and Mailing Address:

Schult, Kip M & Dennis Pahs
dba Schult's & Pahs Construction
6201 N. Mear Rd.
Michigan City, IN 46360

"Schult, Kip M & Dennis Pahs, dba Schult's & Pahs Construction, 6201 N. Mear Rd., Michigan City, IN 46360" is the **named insured** under the policy. Item 2. of the declarations states, "The named insured is: Partnership." The **named insured** is therefore designated in the declarations as a partnership. Thus, the partnership so designated and any partner thereof is an **insured** under the Farm Bureau insurance policy, but only with respect to the partner's liability as a partner of that partnership.[2]

---

2. The definitions continue: **"insured"** means any person or organization qualifying as an insured in the 'Persons insured' provision of the applicable insurance coverage. The insurance afforded applies separately to each insured against whom claim is made or suit is brought, except with respect to the limits of the company's liability ..." The relevant portion of the **PERSONS INSURED** provision is provided above.

Farm Bureau identifies the phrase "but only with respect to his liability as such" and claims it has no duty to defend or indemnify the partnership because the partnership did not work on the stairway. Under this provision, the partnership and the partners thereof are each an **insured.** A partner, however, is an **insured** "only with respect to his liability as such."

Although the partnership did not own the Schults' home, the evidence most favorable to the nonmovant shows that, at the time in question, the partners and the partnership, with Schult's permission, co-occupied or exercised control over the basement, the garage, and the route between the two, including the stairway.[3] The partnership authorized the work on the bar in the basement and approved of Pahs' retrieval of the sawhorse. Although the partnership did not work on the stairway, the jury could conclude from this evidence that the partners were acting in the ordinary course of the partnership business at the time and that the work on the bar, for which the sawhorse was needed, fell within the partnership's carpentry business. We conclude that Farm Bureau has not shown it is entitled to judgment as a matter of law. *Cf. Risk v. Schilling* (1991), Ind., 569 N.E.2d 646 (no duty on the part of a partnership under Restatement (Second) of Torts Sec. 328 E (1965), where no evidence existed that hobby related to partnership business, where other partners did not authorize hobby, and where partner with hobby was sole occupier/possessor of workshop although on partnership property).

Farm Bureau further claims it has no duty to defend Patricia Schult in the suit against the partnership because she did not participate in the partnership business at all. The parties have not disputed that she did not so participate. The policy states that Farm Bureau has a duty to defend any suit against the **insured** on account of bodily injury. As noted above, the **named in-**sured is designated in the declarations as a partnership. Therefore, the partnership so designated and any partner thereof is an **insured** under the Farm Bureau insurance policy. Patricia Schult did not participate in the partnership at all. If she was not a member of the partnership, then she is not defined as an **insured** under the policy. Farm Bureau has met its burden to show the absence of a factual issue and its entitlement to judgment as a matter of law on this claim.

Farm Bureau next claims it owes no duty to the Schults or the Pahses under "I. Coverage E–Premises Medical Payments," which states:

**Exclusions**

This insurance does not apply:

\* \* \* \* \* \*

(c) to **bodily injury**

(1) to the **named insured,** any partner therein, any tenant or other person regularly residing on the **insured premises** or any employee of any of the foregoing if the **bodily injury** arises out of and in the course of his employment therewith;

The operative language here is "if the **bodily injury** arises out of and in the course of his employment therewith." The extent of Farm Bureau's argument is that Dennis Pahs' bodily injuries arose out of and in the course of his employment with the partnership and that the insurance therefore does not apply. We must conclude, as we did above, that Farm Bureau has not shown as a matter of law that Pahs' injuries arose out of and in the course of his "employment" by or with the partnership. Farm Bureau has not shown that it was entitled to summary judgment.

### THE ALLSTATE POLICY

Allstate issued a deluxe homeowners policy on the residence of Kip and

---

**3.** Further, the mailing address of the partnership was that of the Schults' house, where the incident occurred. The policy provides that the location of "all premises owned by, rented to or controlled by the **named insured**", that is, the partnership, was "Same," the Schults' address.

The interest of **"named insured** in insured premises" was "Owner." The part "occupied by **named insured**" was "As Required." The policy states that "Nature of business" and **"Division 1. Premises–Operations"** include "Carpentry."

Patricia Schult. That policy contained the following exclusions:

### SECTION II—FAMILY LIABILITY AND GUEST MEDICAL PROTECTION

#### Coverage X Family Liability Protection Losses We Cover:

**Allstate** will pay all sums arising from an accidental loss which an **insured person** becomes legally obligated to pay as damages because of **bodily injury** or **property damage** covered by this part of the policy.

\* \* \* \* \* \*

If an **insured person** is sued for these damages, **we** will provide a defense with counsel of **our** choice, even if the allegations are groundless, false or fraudulent.

\* \* \* \* \* \*

8. **We** do not cover **bodily injury** or **property damage** arising out of the past or present **business** pursuits of an **injured person.**
**We** do cover:
activities normally considered non-**business;**

\* \* \* \* \* \*

#### Coverage Y Guest Medical Protection

\* \* \* \* \* \*

#### Losses We Do Not Cover:

\* \* \* \* \* \*

(8) **We** do not cover **bodily injury** arising out of the past or present **business** pursuits of an **insured person.**
**We** do cover:
a) activities normally considered non-**business;**

\* \* \* \* \* \*

9. **We** do not cover **bodily injury** to any person on the **insured premises** because of a **business** activity or professional service conducted there.

Allstate claims the evidence is undisputed that the partnership engaged in "business pursuits" or a "business activity" when Pahs carried the sawhorse down the stairway for work on the bar. Allstate therefore concludes that the trial court should have granted its motion for summary judgment against the Schults under Coverage X and against the Pahses under Coverage Y.

Under this policy, **"Business"** means, inter alia:

a) any trade, profession or occupation and the use of any part of any premises for such purposes;

The evidence most favorable to the non-movants shows that, as Pahs descended the stairway, it collapsed. Allstate claims that, had Pahs not been at the Schults' residence to carry the sawhorse down the stairway as he prepared for partnership work, the stairway would not have collapsed under him specifically. Allstate therefore contends the injury fulfills the "arising out of the past or present **business** pursuits" and the "because of a **business** activity" language of the policy. We conclude, however, that evidence here presents a genuine issue of material fact. Despite the inference Allstate advances, the jury could conclude that the stairway collapsed due to a defect in it and that it would have done so regardless of the reason Pahs was at the residence. In other words, the injury to Pahs did not arise out of the business pursuits or because of a business activity but had only an insignificant connection with the business. The trier of fact need not conclude, as a matter of law, that the property was used for the partnership's trade, profession or occupation. The trier of fact must determine the extent of the connection and whether it fulfills the "arising out of the past or present **business** pursuits" and the "because of a **business** activity" language of the policy. The trial court therefore appropriately denied summary judgment to Allstate.

The trial court is instructed to grant Farm Bureau partial summary judgment on its claim that it has no duty to defend Patricia Schult in the suit against the partnership under the Farm Bureau policy. The judgment is affirmed in all other respects.

STATON and RUCKER, JJ., concur.